UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| TAB CHAPMAN, on behalf of himself and all others similarly situated, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION |
| v. | § § | CASE NO. 2:20-cv-106 |
| SABER HEALTHCARE GROUP, LLC d/b/a AUTUMN CORPORATION, and AUTUMN CARE OF PORTSMOUTH, L.P. | § § § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |

## INTRODUCTION

1. Plaintiff Tab Chapman ("Plaintiff") brings this collective action on behalf of himself and other similarly situated individuals who have worked for Saber Healthcare Group, LLC d/b/a Autumn Corporation and Autumn Care of Portsmouth, L.P., ("Defendants" or "Saber Health") as non-exempt employees paid on an hourly rate basis (hereinafter referred to as "Collective members") who have been subject to Defendants' policy and practice of automatically deducting time from recorded hours for meal periods and failing to pay caregivers for work performed while off-the-clock. Throughout the relevant time period, Plaintiff and Collective members have been and are denied payment for all hours worked, including overtime. This case implicates the longstanding national policy and practice of Saber Health, which fails to properly compensate Collective members for work performed during meal periods, for work performed while "off-the-clock," and for missed meal periods.

2. An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which

primarily benefits the employee. Defendants do not provide bona fide meal periods for Collective members. Collective members are required to remain responsible for resident/patient care throughout their shift and are expected to perform duties while "off-the-clock." Instead of making Collective members clock out for a meal period and then clock back in at the end of the meal period, Defendants assume Collective members were able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Nonetheless, Defendants deduct 30 minutes from Collective member shifts for a meal period, when in fact Collective members remain on duty and are continuously subject to interruption during that time. Defendants have instituted policies and practices that result in Collective members being responsible for resident/patient care or that otherwise require Collective members to remain on-call and on-duty throughout their shift, even when they attempt to have a bite to eat.

3. Defendants' policies and practices result in Collective members being denied wages due under the Fair Labor Standards Act. Under these policies and practices, Collective members are and were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendants continue to require Collective members to remain on duty and subject to interruptions during meal breaks.

4. Defendants, including all of the facilities under Defendant Saber Healthcare's ownership, management and control nation-wide, violated the FLSA by knowingly and willfully permitting Plaintiff and Collective members to perform work and/or remain on duty during meal breaks, subjecting them to interruptions during those times. Plaintiff and Collective members also performed work before clocking in and after clocking out for which they were not compensated pursuant to Defendants' policies and/or practices. Defendants had notice that Plaintiff and Collective members expected to be paid for their work on an hourly basis.

Defendants received value from the work performed by Plaintiff and Collective members during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective members for work performed.

5. Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6. In addition, Plaintiff and Collective members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff and Collective members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA.

7. Therefore, Plaintiff files this action to recover on behalf of himself and Collective members all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA individually and as a 29 U.S.C. § 216(b) collective action, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district.

10. Defendant Autumn Care of Portsmouth, L.P. is subject to general personal jurisdiction in Virginia because it is a limited partnership formed within and under Virginia law, and maintains physical facilities, offices, and employees in Virginia.

11. Upon information and belief, Defendant Saber Healthcare is likewise subject to general personal jurisdiction in Virginia because Saber Healthcare has continuous and systematic contacts with Virginia, including maintaining offices, employees, and extensive contacts with the State by way of Saber Healthcare's numerous subsidiary/wholly owned corporate entities in Virginia. Saber Healthcare manages, operates, and/or oversees, either in whole or in part with Saber Healthcare's subsidiaries or partner corporate entities in the State, no less than 25 separate facilities within Virginia.[1]

## PARTIES

12. Plaintiff Tab Chapman is an individual residing in Portsmouth, Virginia. Mr. Chapman was employed as a nurses' assistant by Defendants in Portsmouth, Virginia at the Autumn Care of Portsmouth facility.

13. The FLSA Collective members are people who are or who have been employed by Defendants, jointly and separately, as non-exempt, hourly paid workers in the United States within the three years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

---

[1] *See* https://www.saberhealth.com/locations/state/virginia (last visited Feb. 11, 2020).

14. Defendant Saber Healthcare Group, LLC d/b/a Autumn Corporation[2] is a foreign corporation, with its principal office located at 26691 Richmond Road, Bedford Heights, Ohio 44146. Defendant may be served with process by serving its designated registered agent, C T Corporation System at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

15. Defendant Autumn Care of Portsmouth, L.P. is a domestic limited partnership with its principal location in 451 North Winstead Avenue, Rocky Mount, North Carolina 27804. Defendant may be served with process by serving its registered agent, Marshall L. Jones of Hirschler Fleischer, 2100 East Cary Street, Richmond, Virginia 23223. Upon information and belief, Defendant is an entity that is either wholly owned by Defendant Saber Healthcare Group, LLC, or operates at the direction and supervison of Saber Healthcare Group, LLC.

16. At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18. Plaintiff and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

---

[2] Upon information and belief, Saber Healthcare is doing business in Virginia by and through its wholly owned corporate affiliate/subsidiary/partner, Autumn Corporation. Autumn Corporation shares the same principal address and numerous corporate officers as Saber Healthcare. Autumn Corporation has been continuously doing business in Virginia since as early as 1980. Upon information and belief, Saber Healthcare acquired Autumn Corporation in or around March of 2016.

20. Defendants acted as joint employers of Plaintiff and Collective members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

21. Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

22. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are patient care staff engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

23. At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

24. Saber Health operates a network of nursing care and rehabilitation facilities that provide healthcare services to its patient customers throughout the United States.

25. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

26. Defendants have a payroll policy and practice of not compensating hourly-paid Collective members for work performed during meal periods. Defendants' automatic time deduction policy assumes Collective members are able to find a 30-minute block of time to enjoy a bona fide meal period. Pursuant to this policy, Defendants automatically deduct 30

minutes from Collective member shifts for a meal period. However, in practice, Collective members remain on duty and are continuously subject to interruption during that time. This policy applies to all hourly-paid, non-exempt Collective members.

27. Collective members are not effectively permitted to take a 30-minute uninterrupted and bona fide meal period due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to calls from their patients, doctors/supervisors, patients' families, other facility staff, attend to the normal demands of the job, and otherwise respond to emergencies that might arise in a healthcare facility environment.

28. Defendants encourage interruptions to Collective member meal periods by requiring Collective members to respond to calls and/or announcements made over the intercom public announcement system at all times, so that they may receive calls/requests from their patients and facility personnel. Defendants also instruct Collective members to be on-call, on-duty, and to be responsive to any requests from their co-workers during meal breaks. Collective members are required to respond to these requests, even if they are taking a meal break.

29. Plaintiff was employed by Defendants as a nurses' assistant in the Autmn Care of Portsmouth location during the last three years. Plaintiff worked as a non-exempt nurses' assistant for Defendants between April 2018 through March 2019, and his regular hourly rate of pay was approximately $13.50 per hour during the last year of his employment. As a nurses' assistant, Plaintiff's primary responsibilities included: providing patient care and monitoring, cleaning patients and patients' rooms, interacting with other nursing facility employees and visitors, monitoring patient vital statistics, documenting the patient interactions, and responding to emergency situations. Plaintiff was subjected to Defendants' time, pay, meal break, and

overtime policies and practices. Plaintiff routinely performed work during his entire shift, was subject to interruptions during attempted meal breaks, and in fact was interrupted or denied meal breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendants' knowledge and was denied compensation for the time he spent engaged in this off-the-clock work.

30. Plaintiff's and Collective members' "off-the-clock" work included cleaning, assisting patients, preparing and organizing equipment, interacting with patients and patients' family members, assisting other facility staff, charting, and performing other various tasks before clocking in and after clocking out for the day. Plaintiff and Collective members were not compensated for this work performed outside of their recorded hours.

31. Collective members were and are employed by Defendants and perform work materially similar to Plaintiff.

32. Plaintiff and Collective members report to a facility owned, operated, or managed by Defendant Saber Healthcare, including but not limited to Autumn Care of Portsmouth, to perform their jobs.

33. Plaintiff and Collective members performed their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

34. Plaintiff and Collective members were required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

35. At the end of each pay period, Plaintiff and Collective members received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

36. Defendants paid Plaintiff and Collective members on an hourly rate basis.

37. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 8 to 9 hours each shift and between 5 to 6 shifts per week. On average, Plaintiff worked more than 40 hours in a workweek at least two times per month.

38. Upon information and belief each Collective member works more than forty hours in at least one workweek during the three years before this Complaint was filed.

39. When Plaintiff and Collective members work more than forty hours in a workweek, Defendants fail to pay them one and one-half times their regular hourly rate due to Defendants' failure to include time worked during meal periods and "off-the-clock" work in the total hours of worked in a given work week. This unpaid time is compensable under the FLSA because (1) Plaintiff and Collective members are not completely relieved of their duties, (2) they are interrupted or subject to interruptions with work duties, and are therefore considered on-call or on-duty, during any attempted meal period, or (3) they entirely skip meal periods due to work demands.

40. Throughout the relevant time period, Defendants expect and require Plaintiff and Collective members to be available to work during their entire shifts, even during any attempted meal breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA which requires that employers compensate employees for all time worked.

41. Defendant Saber employs hundreds of people throughout its facilities nation-wide who are similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

42. Defendants' method of paying Plaintiff and Collective members is willful, and is not based on a good faith and reasonable belief that their conduct complies with the FLSA. Upon information and belief, Defendants have been sued multiple times for previous wage violations, including previous claims under the Fair Labor Standards Act involving similar hourly-paid workers.

43. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Collective members. In particular, Defendants fail to record hours that Plaintiff and Collective members work during missed meal breaks as well as hours worked while off the clock.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following group of individuals:

> **All current and former hourly, non-exempt employees of Defendant Saber Healthcare and/or Autumn Care of Portsmouth nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

45. Defendants do not compensate these employees for the unpaid meal breaks and "off-the-clock" work as described above.

46. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

47. Plaintiff has actual knowledge that Collective members are denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members are also denied overtime pay

for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

48. Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

49. Other Collective members similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other Collective members similarly situated to Plaintiff also perform, or have performed, compensable work while "off-the-clock," and are not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

50. Although Defendants permit and/or require Collective members to work in excess of forty hours per workweek, Defendants deny them full compensation for their hours worked over forty for meal breaks that are interrupted due to work demands and for "off-the-clock" work.

51. Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

52. Collective members regularly work or have worked in excess of forty hours during a workweek.

53. Collective members are not exempt from receiving overtime compensation under the FLSA.

54. Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of FLSA Collective members.

55. Although Plaintiff and Collective members may have different job titles and/or work in different patient care facilities, this action may be properly maintained as a collective action on behalf of the defined Collective members because, throughout the relevant time period:

    a. Defendants maintain common scheduling systems and policies with respect to Plaintiff and Collective members, control the scheduling systems and policies implemented throughout their facilities and retain authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

    b. Defendants maintain common timekeeping systems and policies with respect to Plaintiff and Collective members;

    c. Defendants maintain common payroll systems and policies with respect to Plaintiff and Collective members, control the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

    d. Defendants control the meal break and rest break work policies and practices at issue in this litigation and have the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

56. The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

57. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for interrupted, on-duty, or missed meal breaks.

58. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

59. Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

60. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants have a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as for work performed "off-the-clock."

61. As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 100 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the

Collective members, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR**
**IMPROPER AUTOMATIC TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

62. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

63. Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

64. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

65. Throughout the relevant time period, Defendants expect and require Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

66. Plaintiff and Collective members are being and have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

67. Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

68. Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for meal breaks under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

69. Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, is willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

70. Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

71. Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

72. Wherefore, Plaintiff and Collective members request relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF-THE-CLOCK" WORK
## (FLSA COLLECTIVE ACTION)

73. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74. Throughout the relevant time period, Defendants suffer and/or permit Plaintiff and Collective members to work additional time outside of their shifts for work-related tasks. These tasks included, but were not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, reviewing or completing charting, interacting with facility staff, patients and their families, and cleaning.

75. Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of his scheduled shift, before he clocked in and after he clocked out, with Defendants' knowledge of such work. Upon information and belief, Defendants treat Collective members similarly with respect to "off-the-clock" work.

76. Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which he was not compensated and with Defendants' knowledge, constructive or actual. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

77. Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

78. Defendants' failure to pay overtime to Plaintiff and Collective members, is willful and not based on a good-faith belief that their conduct does not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

79. Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80. Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

81. Wherefore, Plaintiff and Collective members request relief as hereinafter provided.

## JURY DEMAND

82. Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

## PRAYER FOR RELIEF

83. For these reasons, Plaintiff and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

   i. An order preventing Defendants from retaliating in any way against Plaintiff and any Collective member who joins the present suit based on their pursuit of these claims alleged herein;

   ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   iii. An order finding that Defendants violated the FLSA;

   iv. An order finding Defendants violated the FLSA willfully;

   v. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them, from committing in the future those violations of law herein alleged;

   vi. All unpaid wages due under the FLSA;

   vii. An equal amount as liquidated damages as allowed under the FLSA;

    viii.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

    ix.  Pre- and post-judgment interest, as provided by law; and

    x.  Such other and further relief as this Court deems just and proper.

Dated: February 27, 2020.

/s/ Casey S. Nash
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

*Local Counsel for Plaintiff and Collective*

Carolyn H. Cottrell (Pro Hac Vice Forthcoming)
California Bar No. 166977
Ori Edelstein (Pro Hac Vice Forthcoming)
California Bar No. 268145
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

William M. Hogg (Pro Hac Vice Forthcoming)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Attorneys for Plaintiff and Collective*