UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| TAB CHAPMAN, on behalf of himself and all others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 2:20-cv-00106-MSD-DEM |
| SABER HEALTHCARE GROUP, LLC, AUTUMN CORPORATION, and AUTUMN CARE OF PORTSMOUTH, L.P. | § § § § § | |
| *Defendants*. | § § | |

PLAINTIFF'S MOTION FOR ENTRY DEFAULT JUDGMENT

COMES NOW Plaintiff Tab Chapman, pursuant to Fed. R. Civ. P. 55(b)(2), and herewith moves this Court for the entry of a default judgment against Defendant Autumn Care of Portsmouth L.P. in Plaintiff's favor. In support of this Motion, Plaintiff states the following:

1.      This is a putative collective action brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., seeking recovery of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

2.      As stated in the declaration of Carolyn H. Cottrell, filed in support of Plaintiff's Request for Entry of Default filed on March 3, 2021 (Dkt. Nos. 52 and 52-1), Plaintiff's Amended Complaint was filed on December 18, 2020. *See* Dkt. 38. Plaintiff properly served summons of process of the Amended Complaint on Autumn Care of Portsmouth, L.P. on January 4, 2021. *See* Dkt. 43. A proof of such service was filed with the Court on January 22, 2021. *Id.*

3.    On January 25, 2021, Defendants Saber Healthcare Group LLC and Autumn Corporation filed a Motion to Dismiss Plaintiff's Amended Complaint. *See* Dkt. 44. Defendant Autumn Care of Portsmouth L.P. was not a party to that Motion to Dismiss. *Id.*

4.    Despite receiving service of the Amended Complaint on January 4, 2021, as of the date of this filing, Autumn Care of Portsmouth L.P. has not filed a responsive pleading to the Amended Complaint.

5.    Rule 55 provides a "two-step process" for the entry of a judgment against a party who fails to defense: first, the entry of default, and second, the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). On March 4, 2021, the Clerk of Court entered the default as to Autumn Care of Portsmouth L.P. pursuant to Fed. R. Civ. P. 55(a). *See* Dkt. 53. As such, these proceedings are in the second step of the process.

6.    When a plaintiff's claim is not for a sum certain, the plaintiff must apply to the Court for default judgment, and if the party against whom the judgment is sought has appeared previously, that party must be served with written notice at least seven days prior to any hearing. *Tech. Advancement Group, Inc. v. IvySkin, LLC*, No. 2:13cv89, 2014 U.S. Dist. LEXIS 96257, at *8 (E.D. Va. July 14, 2014) (citing Fed. R. Civ. P. 55(b)(2)). Further, Rule 55(b)(2) provides that:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

7.      "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

8.      Here, Autumn Care of Portsmouth L.P. has not formally appeared in this matter. While Defense counsel for Saber Healthcare Group, LLC and Autumn Corporation have made formal appearances on behalf of those entities, *see* Dkt. Nos. 7, 13, 14, 15, 46, 48, there have been no entries of appearance or other filings on behalf of Defendant Autumn Care of Portsmouth L.P. Accordingly, Autumn Care of Portsmouth L.P. is not entitled to notice pursuant to Rule 55.

9.      Plaintiff therefore respectfully requests the Court enter default judgment against Autumn Care of Portsmouth L.P., hold that Autumn Care of Portsmouth L.P. is liable for the FLSA violations alleged in Plaintiff's Amended Complaint, and award Plaintiff his unpaid overtime wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216, to be determined at a later time pursuant to one of the provisions of Rule 55(b)(2).

Dated: March 29, 2021                          Respectfully submitted,

                                               /s/ Kristi C. Kelly
                                               Kristi C. Kelly (VSB No. 72791)
                                               Andrew J. Guzzo (VSB No. 82170)
                                               Casey S. Nash (VSB No. 84261)
                                               KELLY GUZZO, PLC
                                               3925 Chain Bridge Road, Suite 202

-4-

Fairfax, Virginia 22030
Tel: (703) 424-7570; Fax: (703) 591-0167
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
casey@kellyguzzo.com

Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

William M. Hogg (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Attorneys for Plaintiff and Collective Members*